RAOUL ARCHAMBAULT *vs.* BENJAMIN F. PIERCE AND DELIA E. PIERCE.

JANUARY 16, 1925.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. The defendant Benjamin F. Pierce was the owner of a farm in the town of Foster, Rhode Island. The record title was in his wife, Delia E. Pierce, although it appears from the testimony that the property actually belonged to her husband, Benjamin F. Pierce.

Benjamin F. Pierce, desiring to locate near the place where he was expecting to obtain employment, entered into negotiations with the plaintiff, Archambault, for the purchase of certain residential property in, or near, the village of Washington. Without setting forth the minor preliminary details, which are not necessary to our present consideration, it is sufficient to say that the plaintiff, as agent, and the defendant, Benjamin F. Pierce, entered into a written agreement as follows: "Raoul Archambault, Agent, agrees to sell, and Benjamin F. Pierce agrees to buy, the two family house, together with the lot on which is situated said house, and lots twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25) and twenty-six (26) on plat of land entitled 'Riverview Plat of House Lots,

Washington, R. I., by Robert W. Greene, C. E., June 1921, for the sum of Thirty-two Hundred ($3200.00) Dollars, payable in manner following: One Hundred ($100.00) Dollars cash, the receipt whereof is hereby acknowledged; One Hundred Dollars ten days from this date; Two Thousand ($2,000.00) Dollars by assumption of mortgage of record on the premises, and the balance, One Thousand ($1,000.00) Dollars by a second mortgage at eight per cent per annum.

It is agreed that as soon as the farm of the said Benjamin F. Pierce is sold, which said farm has been listed with Raoul Archambault, Agent, for sale at the list price of Twenty-five Hundred Dollars is sold, the proceeds from said sale are to be paid by the said Benjamin F. Pierce on the mortgages on the premises hereinbefore described.

(Signed)   Raoul Archambault

Agent

(Signed)   Benj. Pierce."

This agreement was carried out in so far as it called for the payment of $100 in cash, the assumption of the mortgage of $2,000 already existing on the premises, and the giving of a second mortgage for $1,000 at 8% per annum.

In further compliance with the agreement the Pierce farm in Foster was placed in the hands of the plaintiff Archambault who, as a real estate agent, was authorized to sell the same for $2,500 and apply that amount upon the mortgages upon the Washington property.

The farm, in Foster, has not been sold by Archambault, he having been unable to find a purchaser. Neither the interest upon, nor any portion of the principal of the two mortgages on the Washington property has been paid by the defendants. The plaintiff has been obliged to pay the interest on the first mortgage, on the Washington property, in order to prevent the sale of the premises thereunder. After the lapse of a considerable period the plaintiff foreclosed the second mortgage bidding in the property for $55, the first mortgage of $2,000 still remaining outstanding.

The plaintiff has now brought his action on the case, in assumpsit, against the defendants to recover the sum of $1,000 due on the $1,000 mortgage note, dated September 1, 1921, with interest at the rate of 8% per annum, and for other sums of money advanced by the plaintiff for interest on the first mortgage of $2,000, and some other costs incurred in the foreclosure of the second mortgage.

The case was tried in the Superior Court before a justice thereof sitting with a jury and a verdict was rendered for the plaintiff in the sum of $1,108.16, by direction of the court.

The case is now before us on the exceptions of the defendants to various rulings of the trial justice, in admitting and rejecting testimony, and to the direction of a verdict for the plaintiff. The defendants claim, among other things, that the property having brought much less than its real value, at the foreclosure sale under the second mortgage, the note for $1,000 should be deemed to have been paid. The defendants do not even suggest, either in their brief or in argument, that there was any irregularity attending the foreclosure of the second mortgage. The mere fact that there were no bidders, other than the mortgagee, does not tinge the sale with fraud and deceit but might equally well indicate that the property already mortgaged for $2,000, was not attractive to purchasers. Whether or not any irregularity could be determined and relief given, in a proceeding at law, is a question we need not discuss.

The defendants further claim that before the contract for the sale of the Washington property was entered into, and the deeds passed, Mr. Archambault had guaranteed to effect the sale of the Foster property for $2,500 and to apply that sum toward the payment of the mortgages on the Washington property, and therefore, until that portion of the written agreement was carried out no recovery could be had upon the $1,000 note.

At the trial of the case in the Superior Court the defendants admitted that a verbal contract between Mr. Archam

bault and Mr. Pierce to the effect that Mr. Archambault had agreed not to collect the note for $1,000 except through the sale of the Foster property would be clearly in violation of the terms of the written contract.

The defendants offered to prove various conversations between the parties, some of them occurring contemporaneously with the making of the deeds and written agreement, and other conversations at later periods. We think such testimony was properly ruled out as inconsistent with the terms of the written agreements between the parties, upon which the defendants must rely in their efforts to defeat the plaintiff's recovery.

We cannot regard that portion of the agreement relating to the sale of the Pierce farm in Foster and the appropriation of the proceeds arising therefrom in reduction of the mortgages, on the Washington premises, as being anything more than an undertaking to make such appropriation in the event that the Foster estate should be sold. It appears from the testimony that a purchaser could not be found by Archambault for the Pierce estate and we do not think it would be reasonable to say that the liability of the defendants to pay the $1,000 note depended upon the sale of the Foster property. If that were so, payment upon the mortgate might be postponed indefinitely, in case a purchaser was not forthcoming.

Without going into the defendants' exceptions *seriatim*, and at length, we think that such of them as relate to the rejection of testimony which the defendants offered to introduce, were properly excluded and we also think that upon the testimony, as it stands, the trial court was justified in directing the verdict which it did.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Archambault & Archambault*, for plaintiff.

*Wayne H. Whitman*, for defendants.